**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **KILTS RESOURCES, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 2:10-cv-500** |
| **BEST BUY ENTERPRISE SERVICES, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**PLAINTIFF KILTS RESOURCES, L.L.C.'S RESPONSE AND
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pending before the Court in the above-captioned proceeding is a motion ("Motion") by defendant Best Buy Enterprise Services, Inc. ("Best Buy"), to dismiss the Plaintiff's Original Complaint ("Complaint") filed herein by plaintiff Kilts Resources, LLC ("Kilts"). By its motion, Best Buy seeks dismissal of the Complaint. See Motion, at 1. Kilts opposes the Motion in all respects and submits for the Court's consideration the following response in opposition thereto.

## I.    INTRODUCTION

This is an action for false patent marking in violation of 35 U.S.C. § 292.[1] The Complaint alleges that, with the purpose of deceiving the public, Best Buy brands and distributes, makes and sells, or has made and sold, "Insignia CD/DVD Shelf System with iPod Dock" and "Insignia

---

1    In relevant part, § 292 provides that "whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public…[s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292(a). 292(a). Importantly, "[a]ny person may sue for the penalty…." 35 U.S.C. § 292(b). "By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking." Forest Group, Inc. v. Bon Tool Co., 590 F. 3d 1295, 1303-04 (Fed. Cir. 2009). As a qui tam plaintiff, TDC has standing in this matter, and Playtex does not claim otherwise.

5.1 Upconvert Home Theater System" products ("Products") marked with inapplicable patents and/or patent numbers. See Complaint, at 2-3. See also Motion, at 2. It further alleges that Best Buy unlawfully sells the Products with articles and/or methods bearing the word patent and/or any words or numbers implying that they are patented. Complaint, at 2-3.  Finally, it alleges that Best Buy (i) knew that the Products were not covered by the patents, and (ii) intended to deceive the public by marketing products with inapplicable patents. Id., at 5-7.

Best Buy now moves the Court to dismiss the Complaint for two reasons. First, it claims that "the complaint fails to plead intent to deceive with the particularity required by Rule 9(b)" Motion, at 4.  Second, it asserts that the Complaint should be dismissed because "the complaint also fails to satisfy the minimal pleading standard of Rule 8" Id., at 10.  There is no merit to these claims.  The Complaint alleges that these Products are marked with an inapplicable patent. If the Products are properly marked, then Best Buy will have a defense to the Complaint, but that defense is fact-based, and cannot be assessed in the context of a motion to dismiss. Finally, as several courts have recently held, allegations nearly identical to those of the Complaint are sufficient under Rule 9(b), assuming, arguendo, that Rule 9(b) applies to claims of false patent marking. The Court should therefore deny the Motion in this respect.

## II.     ARGUMENT

False patent marking has two elements, to wit: (i) marking an unpatented article, and (ii) intent to deceive the public. Forest Group, Inc. v. Bon Tool Co., supra, at 1300, citing Clontech Labs., Inc. v. Invitrogen Corp., 406 F. 3d 1347, 1352 (Fed. Cir. 2005). "'Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is

true.'" Forest Group, Inc. v. Bon Tool Co., supra, at 1300, quoting Clontech, supra, at 1352.[2] The

Federal Circuit has expressly held that the combination of (i) a false statement, and (ii) the

speaker's knowledge that it was false, gives rise to a presumption of intent to deceive the public.

See, e.g., Pequignot v. Solo Cup Co., 608 F. 3d 1356, 1362-63 (Fed. Cir. 2010).

     A.      The Complaint Should Not Be Dismissed for Failure to Satisfy Rule 9(b) and

Rule 8.

     1.      Best Buy argues that Rule 9(b)'s heightened pleading requirements apply to Kilts'

claims for false patent marking. See Motion, at 7-10.[3] Some courts that have addressed the issue

agree with that proposition.[4] Other courts faced with the issue have declined to decide whether

---

     2      Clontech derived its definition of "intent to deceive" from Norton v. Curtiss, 433 F. 2d 779, 795-96 (CCPA 1970). See 406 F. 3d at 1352. The Federal Circuit has adopted as its precedents the holdings of the Court of Claims and the Court of Customs and Patent Appeals announced before the close of business on September 30, 1982. See South Corp. v. United States, 690 F. 2d 1368, 1370 (Fed. Cir. 1982).  Thus, the decision in Norton v. Curtiss is binding precedent. See, e.g., Corebrace LLC v. Star Seismic LLC, 566 F. 3d 1069, 1073 (Fed. Cir. 2009); Delmarva Power & Light Co. v. United States, 542 F. 3d 889, 893 (Fed. Cir. 2008).

     3      Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be generally alleged." Fed. R. Civ. P. 9(b).

     4      See, e.g., United States ex rel. FLFMC, LLC v. William Bounds, Ltd, 2010 U.S. Dist. LEXIS 121727, at * 12 (W.D. Pa, November 17, 2010); Brown v. Georgia-Pacific Consumer Products, L.P., 2010 U.S. Dist. LEXIS 117673, at * 5 (E.D. Mo. November 5, 2010); Simonian v. Blistex , Inc., 2010 U.S. Dist. LEXIS 117058, at * 14-15 (N.D. Ill. November 3, 2010); Hollander v. Ortho-McNeil-Janssen Pharmaceuticals, 2010 U.S. Dist. LEXIS 113005 (E.D. Pa. October 21, 2010); United States ex rel. Hallstrom v. Aqua Flora, Inc., 2010 U.S. Dist. LEXIS 113025, at * 14 (E.D. Cal. October 15, 2010); North Carolina Farmers' Assist. Fund, Inc. v. Monsanto Co., 2020 U.S. Dist. LEXIS 101863, at * 29-30 (W.D.N.C. September 27, 2010); Josephs v. Federal-Mogul Corp., 2010 U.S. Dist. LEXIS 100535, at * 4-5 (E.D. Mich. September 23, 2010); McNamara v. Nat'l Organics, Inc., 2010 U.S. Dist. LEXIS 90548, at * 2-3 (N.D. Ill. September 1, 2010); Brinkmeier v. BIC Corp., 2010 U.S. Dist. LEXIS 87656, at * 27 (D. Del. August 25, 2020); Hollander v. Etymotic Research, Inc., 2010 U.S. Dist. LEXIS 71071, at * 12-18 (E.D. Pa. July 14, 2010); Advanced Cartridge Techs. LLC v. Lexmark Int'l Inc., 2010 U.S. Dist. LEXIS 65047, at * 3 (M.D. Fla. June 30, 2010); Simonian v. Cisco Systems, Inc., 2010 U.S. Dist. LEXIS 60752, at * 7-8 (N.D. Ill. June 17, 2010); Jupiter Networks v. Shipley, 2009 U.S. Dist. LEXIS 40978, at * 11 (N.D. Cal. May 14, 2009). In Simonian v. Oreck Corp., 2010

Rule 9(b) applies to false patent marking claims.[5] This District is among neither group. Id., at 5-6. Instead, the District has held that Rule 9(b) does not apply to false marking claims. Promote Innovation LLC v. Ranbaxy Labs., Inc., 2010 U.S. Dist. LEXIS 79833, at * 4-7 (E.D. Tex. July 14, 2010) adopted, 2010 U.S. Dist. LEXIS 79830 (August 9, 2010); Astec Am., Inc. v. Power-One, Inc., supra, at * 32-34.  Indeed, on November 24, 2010, Judge Ward adhered to this position on the issue in denying a motion to dismiss in Texas Data Co., L.L.C. v. Target Brands, Inc., No. 2:10-cv-269 (TJW) (Adopting reasoning and analysis of Ranbaxy and Astec; finding complaint sufficient under Rule 12(b)(6)).

Best Buy provides no basis upon which the Court should deviate from these holdings. As Magistrate Judge Love correctly observed in Astec, "courts have generally interpreted the scope of Rule 9(b) as limited to allegations of fraud and mistake." 2008 U.S. Dist. LEXIS 30365, at * 33, citing Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513 (2002). Indeed, the Supreme Court has reminded and cautioned the lower courts that Rule 9(b) applies only in those contexts. Thus,

---

U.S. Dist. LEXIS 86332 (N.D. Ill. August 23, 2010), the court applied Rule 9(b) but noted that the parties agreed that Rule 9(b) applies to claims for false patent marking. See 2010 U.S. Dist. LEXIS 86332, at * 11-12 n.4.

5      See, e.g., EMD Crop Biosciences, Inc. v. Becker Underwood, Inc., 2010 U.S. Dist. LEXIS 116626, at * 36-38 (W.D. Wis. October 29, 2010) (Finding complaint sufficient without specifying applicable standard); Patent Compliance Group, Inc. v. Wright Medical Technology, Inc., 2010 U.S. Dist. LEXIS 102300, at * 7-8 (N.D. Tex. September 27, 2010) ("Patent Compliance II") (Finding complaint deficient without specifying applicable standard); Simonian v. Irwin Industrial Tool Co., 2010 U.S. Dist. LEXIS 89233, at * 5 (N.D. Ill. August 27, 2010) (Complaint's allegations sufficient whether or not Rule 9(b) applies); Shizzle Pop, LLC v. Wham-O, Inc., 2010 U.S. Dist. LEXIS 86924, at * 9-12 (C.D. Cal. August 2, 2010) (Finding complaint deficient without specifying applicable standard); Patent Compliance Group, Inc. v. Interdesign, Inc., 2010 U.S. Dist. LEXIS 69082, at * 30 n.7 (N.D. Tex. June 28, 2010) ("Patent Compliance I") (Declining to make findings on application of Rule 9(b) because complaint sufficient even if Rule 9(b) applies to false patent marking claims); Song v. PIL, L.L.C., 2010 U.S. Dist. LEXIS 38874, at * 4 (N.D. Ill. April 14, 2010) (Declining to resolve issue because complaint insufficient to meet Rule 8(a)'s pleading requirements); Brinkmeier v. Graco Children's Products, 684 F. Supp. 2d 548, 553 (D. Del. 2010) (same); Inventorprise, Inc. v. Target Corp., 2009 U.S. Dist. LEXIS 102852, at * 18-23 (N.D.N.Y. November 2, 2009) (Finding complaint deficient without specifying applicable standard).

in Swierkiewicz, the Court rejected as inconsistent with Rule 8(a) the imposition of a heightened

pleading standard in employment discrimination cases. See 534 U.S. at 512-13. Likewise, in

Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163

(1993), the Court rejected as inconsistent with Rule 8(a) the imposition of a heightened pleading

standard for claims alleging municipal liability under 42 U.S.C. § 1983. In both cases, the Court

reaffirmed that Rule 9(b) applies only to allegations of fraud or mistake.

The Supreme Court has never retreated from the rationale underlying Swierkiewicz and

Leatherman. To the contrary, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court

explained that Swierkiewicz remains good law. See 550 U.S. at 569-70.[6] Hence, the rationale of

the relevant holdings in Promote Innovation and Astec also remains sound. Cases holding that

Rule 9(b) applies to false marking claims are not persuasive because they do not faithfully apply

that rationale, i.e., they do not cabin Rule 9(b) to its limited reach. It is true that § 292 is not a

strict liability statute, and requires proof of intent to deceive the public in connection with the

false marking. Indeed, "[t]he two elements of a § 292 false marking claim are (1) [falsely]

marking an unpatented article, and (2) intent to deceive the public." Forest Group, Inc. v. Bon

Tool Co., supra, at 1300. Thus, false marking claims share two elements with fraud claims, as

fraud also requires a knowing misrepresentation and intent to deceive the audience.

It does not follow, however, that false marking claims are "fraud" claims subject to Rule

9(b). No regime of which Best Buy is aware treats two elements of fraud--standing alone--as

---

6       See also Erickson v. Paulus, 551 U.S. 89 (2007). There, a state prisoner alleged an
Eighth Amendment conscious indifference claim for the prison's life-threatening termination of
his treatment for Hepatitis C. The Tenth Circuit affirmed the district court's dismissal of the
claim, imposing upon the plaintiff pleading requirements not found in Rule 8(a)(2). Rejecting
that treatment, the Supreme Court vacated and remanded. See 551 U.S. at 94. In so doing, it cited
Twombly for the proposition that the complaint's factual allegations are taken as true in deciding
a motion to dismiss. Id. Twombly, in turn, cited Swierkiewicz for that proposition. Again,
therefore, Swierkiewicz remains good law as both Twombly and Erickson attest.

fraud. To the contrary, fraud requires additional elements that false patent marking does not. For example, the Federal Circuit has noted that the elements of common law fraud include (i) a misrepresentation of material fact, (ii) the falsity of that representation, (iii) the intent to deceive or, at the least, a state of mind so reckless as to the consequences that it is held to be the equivalent of intent (scienter), (iv) a justifiable reliance upon the misrepresentation by the party deceived which induces him to act thereon, and (v) injury to the party deceived as a result of his reliance on the misrepresentation. See Unitherm Food Systems, Inc. v. Eckrich, Inc., 375 F. 3d 1341, 1358 (Fed. Cir. 2004), rev'd on other grounds, 546 U.S. 394 (2006). To state the obvious, then, the elements of a claim of false marking are not co-extensive with the elements of a claim of common law fraud. Rather, common law fraud requires materiality, justifiable reliance, injury to the deceived party, and causation in fact, none of which is an element of false marking. From this, it follows that "specific intent to deceive," standing alone, is not equivalent to fraud. False marking is not, therefore, an allegation of "fraud" subject to Rule 9(b).

Best Buy also maintains that, in Stauffer v. Brooks Bros., Inc., supra, the court provided an indication that Rule 9(b)'s heightened pleading standard applied. See Motion, at 6. This is not correct. In Stauffer, the court reversed the lower court's decisions that (i) the plaintiff lacked standing to bring the action, and (ii) the United States was not entitled to intervene as of right. In remanding for further consideration, the court instructed the lower court to address the merits of the case, including Brooks Brothers' motion to dismiss for insufficiency under Rule 9(b). See 2010 U.S. App. 18144, at * 19. In issuing that instruction, however, the court simply quoted the district court's description of the grounds for that motion. Id., quoting Stauffer v. Brooks Bros., Inc., 615 F. Supp. 2d 248, 251 n.1. Contrary to Best Buy's claim, nothing concerning whether

Rule 9(b) applies to false marking claims can reasonably be read into the remand instruction in

Stauffer.

Likewise, the decision in Exergen Corp. v. Wal-Mart Stores, Inc., 575 F. 3d 1312 (Fed.

Cir. 2009), does not imply that Rule 9(b) applies to false marking claims. See Motion, at 7-10. In

Exergen, the court addressed the requirements for pleading "inequitable conduct," which is an

affirmative defense to patent enforcement. The elements of the affirmative defense are "(1) an

individual associated with the filing and prosecution of a patent application made an affirmative

misrepresentation of a material fact, failed to disclose material information, or submitted false

material information; and (2) the individual did so with a specific intent to deceive the PTO."

575 F. 3d at 1327. Accord, Optium Corp. v. Emcore Corp., 603 F. 3d 1313, 1320 (Fed. Cir.

2010). These elements are not co-extensive with the elements of a fraud claim. Nobelpharma AB

v. Implant Innovations, Inc., 141 F. 3d 1059, 1068-70 (Fed. Cir. 1998) (Inequitable conduct is a

broader and more inclusive concept than common law fraud).

Nonetheless, Exergen states that allegations of inequitable conduct are subject to Rule

9(b). See 575 F. 3d at 1326. But the Federal Circuit has never explained why Rule 9(b) applies to

the defense of inequitable conduct.[7] Moreover, it has never explained how a concept that facially

is not fraud, consistent with Swierkiewicz and Leatherman--not to mention the text of Rule 9(b)-

-be subject to heightened pleading requirements. Thus, the Court should be chary of the

"guidance" that Best Buy would derive from Exergen. In any event, however, inequitable

---

[7]     Ferguson Beauregard cites no authority for the proposition that Rule 9(b) applies
to the affirmative defense of inequitable conduct, and we have located no prior circuit level case
so stating. Moreover, it simply announces--with no explanation or analysis--that "[i]nequitable
conduct, while a broader concept than fraud, must be pled with particularity." 350 F. 3d at 1344.
Exergen, in turn, simply cites Ferguson Beauregard for the proposition, and also sets forth no
explanation or analysis as to why Rule 9(b) applies in that context. See 575 F. 3d at 1326-27.

conduct is much closer to fraud than is false marking. For example, unlike the "intent to deceive the public" required for false marking, the deception at work in inequitable conduct is the "intent to deceive or mislead the patent examiner into granting the patent." Optium Corp. v. Emcore Corp., supra, at 1320 (emphasis added). Moreover, to constitute inequitable conduct, a false statement or representation must be material, while false marking has no materiality requirement. Further, a finding of inequitable conduct requires causation of the intended result, i.e., the patent examiner is deceived by the misrepresentation into granting the patent. False marking has no causation requirement, nor could it since no particular result must obtain therefrom. Hence, even if Exergen correctly subjects allegations of inequitable conduct to Rule 9(b), allegations of false marking are too far removed from allegations of fraud to be subject to the same treatment. The Court should therefore again hold that claims for false marking are not subject to Rule 9(b).

3.      Assuming, arguendo, that Rule 9(b) applies to claims for false patent marking, the Complaint pleads the familiar "who, what, when, where, and how" with sufficient particularity. Specifically, the Complaint alleges that Best Buy (who) has falsely marked the Product user guide (what) with inapplicable patents (how), makes and sells or has made and sold Products containing the user guides marked with inapplicable patents (when), and conducts business in Texas and throughout the United States (where). With these allegations, Rule 9(b)'s requirements are fully satisfied. See Simonian v. Blistex , Inc., supra, at * 15-16 (Complaint alleging that defendant marked its lip-ointment product packaging with expired patent numbers after the expiration date sufficient to satisfy Rule 9(b)'s requirements.); EMD Crop Biosciences, Inc. v. Becker Underwood, Inc., supra, at *36 (Complaint alleging that defendant marked its product with two expired patents, revised its product packaging in late 2009, and began selling the product in the Spring of 2010, sufficient to satisfy Rule 9(b)'s requirements.); United States

ex rel. Hallstrom v. Aqua Flora, Inc., supra, at * 15-16 (Complaint stating that defendants "manufacture, advertise, distribute, and sell Aqua Flora products" as of June 10, 2010, and the products were unpatented, sufficient to satisfy Rule 9(b)'s requirements.); Simonian v. Oreck Corp., supra, at * 12 (Complaint stating that defendants have deliberately and falsely marked at least one product with an expired patent, and have marketed and are currently marketing the falsely marked products(s) throughout the United States and the Northern District of Illinois held sufficient to satisfy Rule 9(b)'s requirements). Accordingly, if Rule 9(b) applies to false marking claims, then the Court should find the Complaint's allegations sufficient to meet the Rule's requirement of pleading the "who, what, where, where, and how" of a fraud claim. Concomitantly, it should reject out of hand Best Buy's assertion that the Complaint "fails to make any specific allegation." Motion, at 10.

4.      Best Buy's real challenge to the Complaint is that it allegedly does not plead "intent to deceive" with the particularity required by Rule 9(b). See Motion, at 4. But as Rule 9(b) provides, "intent" may be pleaded generally, and is expressly not subject to heightened pleading requirements. In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Court explained that pleading intent "generally" does not mean that mere conclusory allegations are sufficient to pass muster. Rather, while Rule 9(b) "excuses a plaintiff from pleading intent under an elevated pleading standard," the allegations must still comply with Rule 8's pleading requirements. See 129 S. Ct. at 1754. In other words, while Rule 9(b)'s prescription that intent may be pleaded "generally" does not allow mere conclusory allegations, allegations of intent need only meet Rule 8's minimal requirement that a complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2). Iqbal, supra, at 1754.

Accordingly, they need only give rise to a claim that is facially <u>plausible</u>.[8] Best Buy is therefore

quite wrong if it intends to suggest that allegations of "intent" are subject to heightened pleading

standards. Intent is <u>not</u> subject to heightened pleading requirements. <u>Simonian v. Blistex, Inc.</u>,

<u>supra</u>, at * 16 ("Rule 9(b) does not require a plaintiff…to allege intent…[with particularity].");

<u>Young v. Wells Fargo & Co.</u>, 671 F. Supp. 2d 1006, 1032 (S.D. Iowa 2009).

5.       Conflating the distinct concepts of (i) knowledge of the false markings, and (ii)

intent to deceive, Best Buy asserts that the Complaint does not adequately allege that the

Products were falsely marked for the purpose of deceiving the public. We do not agree. The

Complaint specifically alleges that Best Buy made false representations in marking the Products'

user guides with inapplicable patents, and that it knew the Products were not covered by the

inapplicable patents. As noted above, <u>Solo Cup</u> teaches that the combination of (i) a false

statement, and (ii) knowledge that the statement was false, creates a rebuttable presumption of

intent to deceive the public. <u>See</u> 608 F. 3d at 1362-63. <u>See</u> <u>also</u> <u>Clontech</u>, <u>supra</u>, at 1352. Nothing

more is required to plead "intent to deceive" because intent is presumed (albeit rebuttably) from

knowledge of the false statement. In other words, facts that give rise to a (rebuttable)

presumption of intent to deceive are <u>necessarily</u> sufficient to give rise to a reasonable inference

of that condition of mind.

As a result, "allegations that a defendant knowingly mismarked an article with an expired

patent (i.e., a false statement with knowledge) allow a court to infer intent to deceive the public."

<u>Patent Compliance I</u>, <u>supra</u>, at * 31-36. There, the court drew from allegations that the defendant

---

8       It is, of course, now altogether commonplace that, under <u>Twombly</u> and <u>Iqbal</u>, all
that Rule 8(a)(2) requires is that the facts give rise to a "plausible" claim for relief as opposed to
a mere possibility of such a claim. Thus, they need neither (i) affirmatively establish that the
plaintiff will succeed on her claims, nor (ii) foreclose the possibility that the plaintiff may lose at
trial. <u>See</u> <u>Simonian v. Blistex , Inc.</u>, <u>supra</u>, at * 10.

knowingly marked its product with an expired patent an inference that it intended to deceive the public. Further, relying on Clontech and its progeny, it stated that "[w]here, as here, the [p]laintiff pleads [that the] [d]efendant knew the patent expired and presents facts demonstrating that…[it] falsely marked articles, the [c]ourt infers purposeful deceit." Id., at * 34-35. Thus, by alleging that the defendant knew the patent had expired, the plaintiff creates an inference that the marking was done with intent to deceive the public. See also, e.g., EMD Crop Biosciences, Inc. v. Becker Underwood, Inc., supra, at *36-38; Simonian v. Bunn-O-Matic, 2010 U.S. Dist. LEXIS 86216, at * 15-16 (N.D. Ill. August 23, 2010); Simonian v. Oreck Corp., supra, at * 13.[9]

The real question, then, is whether Kilts' allegations give rise to a reasonable inference that Best Buy knew that the marked patents were inapplicable. The Complaint meets this minimal requirement by alleging that Best Buy (i) is a large, sophisticated company; (ii) has, or regularly retains, legal and patent counsel; (iii) has experience applying for patents, obtaining patents, licensing patents, and/or litigating patent lawsuits; and (iv) knew that the patents at issue were inapplicable to the Products. See Complaint, at 4. Finally, (i) the patents are annexed as Exhibits, and (ii) the Complaint alleges that Best Buy has sold Products with user guides marked with inapplicable patents and did not have an honest good faith belief in marking the Products' user guides. All of this creates a reasonable inference that Best Buy knew that the marked patents were inapplicable.

---

9      In Josephs v. Federal-Mogul Corp., supra, the court found allegations similar to those herein insufficient to plead intent to deceive. See 2010 U.S. Dist. LEXIS 100535, at * 6-7. The court made no mention, however, of the presumption of intent to deceive recognized by Clontech, Bon Tool, and Solo Cup. Thus, Josephs is not persuasive because its analysis is facially incomplete. The same is true of Brinkmeier v. BIC Corp., supra, at * 32-35, upon which Best Buy heavily relies. See Motion, at 7, 14. The analysis in that case is similarly incomplete and unpersuasive. Likewise, Brinkmeier v. Graco Children's Products suffers from the same defect, see 684 F. Supp. 2d at 554, and Patent Compliance I rejected Graco for that very reason.

Best Buy does not challenge the sufficiency of Kilts' allegations to create an inference of <u>knowledge</u> that the marked patents were inapplicable to the Products. Instead, it omits that step altogether. This treatment is not correct. Nearly identical allegations to those of the Complaint have been held by several courts to give rise to a reasonable inference of knowledge that the article was falsely marked. And, as noted above, that knowledge creates a rebuttable presumption of intent to deceive the public.

For example, in the related context of marking an article with expired patents, Judge Solis held in <u>Patent Compliance I</u> that, by alleging that the defendant was a sophisticated corporation with patent experience and available legal counsel, the plaintiff created an inference that the defendant knew the patent expired. <u>See</u> 2010 U.S. Dist. LEXIS 69082, at * 34. "Any argument to the contrary ignores the time sensitive nature of patents and the obligations incumbent on patent holders to protect their legal rights." <u>Id</u>. Thus, the court found allegations nearly identical to those herein sufficient to plead knowledge that the patents marked on the products at issue were expired. Similarly, in <u>Simonian v. Irwin Industrial Tool Co.</u>, <u>supra</u>, the court held that, whether or not Rule 9(b) applies to false marking claims, the plaintiff's allegations were sufficient to allege knowledge that the patents marked on the products at issue had expired. <u>See</u> 2010 U.S. Dist. LEXIS 89233, at * 5. Those allegations were that the defendant (i) had years of experience applying for, obtaining, and litigating patents, (ii) was a sophisticated company, (iii) had in-house counsel who regularly oversaw patent litigation and prosecution, and (iv) knew or should have known that the articles at issue were marked with expired patents. <u>Id</u>. In other words, the court found allegations nearly identical to those herein sufficient to plead knowledge. <u>See</u> <u>also</u>,

e.g., Simonian v. Blistex , Inc., supra, at * 10 (Complaint sufficiently alleged knowledge of false

marking by sophisticated company.); Simonian v. Oreck Corp., supra, at * 12-13 (same).[10]

     The same rationale applies herein. Best Buy is a large, sophisticated company with access

to patent and legal counsel. Internet searches readily establish that it has considerable experience

in obtaining patents, and it is obvious that patents are important to Best Buy's business. It is

more than reasonable to infer from these facts that Best Buy has knowledge of the content and

status of its patents. The Court should find the Complaint's allegations sufficient to allege

knowledge on the part of Best Buy that inapplicable patents were marked on the Products' user

guides. And because the Complaint adequately alleges knowledge of the expired patents, it

adequately alleges intent to deceive. See also  Hollander v. Etymotic Research, Inc., 2010 U.S.

Dist. LEXIS 116619, at * 12-16 (E.D. Pa. November 1, 2010) (Agreeing that, because the

amended complaint adequately alleged knowledge of the expired patent, it gave rise to a

presumption of intent to deceive.); Simonian v. Blistex, Inc., supra, at * 11-12 (Agreeing that

allegations the defendant knew that the marked patent had expired sufficiently alleged intent to

deceive.). [11]

---

     10    Best Buy correctly observes that some courts have rejected allegations similar to Kilts' allegations about large, sophisticated companies with experience applying for and obtaining patents. See Motion, at 9, 11-12, citing Brinkmeier v. BIC Corp., supra. But as noted above, the court in BIC improperly (i) conflated the concepts of knowledge and intent, and (ii) failed to apply the presumption of intent that arises under Clontech and its progeny, and its analysis is therefore incomplete and unpersuasive. More persuasive are cases like Simonian v. Cisco Systems, Inc., 2010 U.S. Dist. LEXIS 76582, at * 5-6 (N.D. Ill. July 29, 2010) (Proposed amended complaint adequately pleaded knowledge and intent). In that case, the court originally dismissed the complaint and required more detail as to the factual basis for the allegations pleaded upon information and belief. See 2010 U.S. Dist. LEXIS 60752, at * 9-10. When the plaintiff sought leave to file an amended complaint setting forth the basis for allegations made upon information and belief, the court found them sufficient to satisfy Rule 9(b). Again, those allegations were virtually identical to the allegations herein.

     11    In Patent Compliance II, Judge Kinkeade found the complaint deficient under any

6.      Best Buy claims that Plaintiff's complaint fails to comply with the basic pleading requirements of Rule 8. <u>See</u> Motion, at 10. That claim should be rejected. As set forth below, the Complaint readily satisfies the pleading requirements of Rule 9(b). Hence, its allegations are necessarily sufficient to satisfy Rule 8. <u>See</u> <u>Simonian v. Bunn-O-Matic</u>, <u>supra</u>; <u>Simonian v. Oreck Corp.</u>, <u>supra</u>; <u>Patent Compliance I</u>, <u>supra</u>; <u>Simonian v. Irwin Industrial Tool Co.</u>, <u>supra</u>. There is, therefore, no basis upon which the Complaint should be dismissed for failure to comply with Rule 8. <u>Simonian v. Blistex, Inc.</u>, <u>supra</u>, at * 8-13; <u>EMD Crop Biosciences, Inc. v. Becker Underwood, Inc.</u>, <u>supra</u>, at *36-37; <u>United States ex rel. Hallstrom v. Aqua Flora, Inc.</u>, <u>supra</u>, at * 16; <u>United States ex rel. FLFMC, LLC v. Ace Hardware Corp.</u>, 2010 U.S. Dist. LEXIS 45453, at * 7 (W.D. Pa. May 7, 2010) (Although not overly detailed, the complaint meets the standards of <u>Twombly</u> and <u>Iqbal</u>).

B.      <u>The Action Should Not Be Stayed Pending Federal Circuit Ruling Regarding Pleading Standard.</u>

1.      In the alternative, Best Buy requests the Court to stay this action pending the Federal Circuit Court of Appeals ruling in *In re BP Lubricants USA, Inc.,* Case No. 2010-M960. Best Buy has filed a separate motion on this issue, to which Kilts will file a response, and incorporates that response herein by reference. As Kilts will show, there is no need or sound basis to stay this matter pending the decision by the Federal Circuit.

---

pleading standard. <u>See</u> 2010 U.S. Dist. LEXIS 102300, at * 6-8. There, however, the plaintiff pleaded "<u>no</u> facts in support of its allegations [of intent to deceive the public]." <u>Id.</u>, at * 7 (emphasis added). This case is far removed from that pristine state of affairs, and is more akin to <u>Patent Compliance I</u> than to <u>Patent Compliance II</u>.

III.   CONCLUSION

For the reasons set forth above, the Motion is without merit and should be denied. If the Motion is granted, however, then dismissal should be without prejudice and Kilts should be given an opportunity to file an Amended Complaint.

Respectfully submitted,

BY:_____ _____

Scott E. Stevens
State Bar No. 00792024
Gregory P. Love
State Bar No. 24013060
Kyle J. Nelson
State Bar No. 24056031
STEVENS LOVE
P.O. Drawer 3427
Longview, Texas 75606
Phone: 903-753-6760
Fax: 903-753-6761
scott@stevenslove.com
greg@stevenslove.com
kyle@stevenslove.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 7th day of March, 2011.

_____ _____

Scott E. Stevens